Christian, J.,
delivered the opinion of the court.
The record in this case presents a single question for the consideration of this court. That question is raised, 1st, by a motion to quash the indictment; and 2d, by a motion in arrest of judgment.
The indictment is in the following form:
The jurors of the Commonwealth of Virginia in and for the body of the county of Pittsylvania, and now attending said court, upon their oath present, that Bobert Adams, on the 2d day of September 1872, in the said .county, divers, to wit: fourteen bank notes for the payment of divers sums of money, in the whole amounting to the sum of seventy dollars, the property and bank notes of Philip Coleman, then and there being, the said *950 sum of seventy dollars secured and payable by and upon tbe said bank notes, being then and there due and unsatisfied to the said Philip Coleman, and seventeen pieces of silver coin- current in this commonwealth, and called half dollars, of the value of fifty cents each; and twent}7-three pieces of silver coin current in this commonwealth, called quarter dollars, of the value of twenty-five cents each; each of the moneys, property, and coin of the said Philip Coleman then and there being,, feloniously did steal, take, and carry away; against the peace and dignity of the commonwealth.
Upon his arraignment, to answer this indictment, the defendant moved to quash the same; which being overruled, he pleaded “not guilty.” The jury found the prisoner guilty of grand larceny, as charged in the indictment, and ascertained his term of imprisonment in the penitentiary, to be five years.
The question raised by the motion to -quash, and the motion in arrest of judgment, is, whether the indictment is defective in failing to set forth the value of the bank; notes charged to have been stolen by the defendant.
At common law, no rule of criminal pleadings was better established than that which required that in indictments for larceny the value of the property, should be stated. The reason of the rule was to distinguish between grand and petit larceny. It is also true that this rule, applied to every species of property; to bank notes and other money, as well as to other property. And before a party could be convicted of grand larceny, it was necessary to charge and prove the value of the things stolen to be at least of that amount which the law makes grand larceny. Except where modified by statute, •these well settled rules still apply to all prosecutions for larceny. But it is not to be denied, that it is competent for the legislature to modify these rules, and to declare *951 what shall constitute grand larceny, (as it has done in this and other States,) without respect to the value of the thing stolen; and tohai shall be deemed the value of certain specified property, irrespective of its real value.
Before the passage of the act of assembly, incorporated in the Code, ch. 194, §15 and 16, it was certainly necessary to state m an indictment for the larceny of bank notes; the value of the notes, and the offence would0be grand or petit larceny, according to the value charged and proved. But the question we have to consider is, whether, according to the true construction of these two sections, an indictment for stealing bank notes is defective, for not stating the value of the notes.
Thesejsections are in the following words: § 15. “ If any person steal any bank notes, checks or other writing, or paper of value, or any book of accounts for or concerning money or goods due or to be delivered, he shall be deemed guilty of larceny thereof, and receive the same punishment, according to the value of the thing stolen, that is prescribed for the punishment of larceny of goods and chattels.”
§ 16. “In á prosecution under the preceding section, the money due or secured by the writing, paper or book, and remaining unsatisfied, or which in any event might be collected thereon, or the value of the property or money affected thereby, shall be deemed to be the value of the article stolen.”
These two sections read, together, in effect declare that it shall not be necessary to prove the actual value of bank notes and other writings therein specified, but they shall be deemed to be of the value expressed od their face. The mischief to be remedied by these statutory provisions was the difficulty in proving the real value of such notes or other writings. Especially was this the case wdth respect to bank notes. At the time *952 of their enactment the money in circulation was, for the most part, the notes of a great number of banks of this and other States, some of which were much more depreciated than others; and it was often difficult if not impossible to prove their real value, or even to state it with any degree of certainty in an indictment. To ■remedy this mischief, the statute simply declares that in ‘the cases mentioned no proof of actual value shall be ’required, but they shall be deemed to be of the value expressed on their face.
It being manifest then, that the legislature, as it had the unquestioned right to do, has dispensed with the •necessity, in such cases, of any proof of value, the question recurs, is an indictment defective which fails to state the value of bank notes, but which states the amount due and secured by such notes ? It is sufficient ••in every indictment, if the charge contain such a description of the crime that the defendant may know •what crime it is which he is called upon to answer, ■that the jury may appear to be warranted in their conclusion of guilty, or not guilty upon the premises delivered to them; and that the court may see such a definite crime that they may apply the punishment which the law prescribes. Bishop on Crim. Proceedure, § 267. It is certainly essential to state with certainty, every fact which is necessary to constitute the crime charged ; and every indictment is defective which fails to state a fact which is traversable by the defendant. Hence, (without any statutory provision modifying the rule,) it has always been ’held that the description of notes being of certain amount, is not tantamount to an averment of their being of that value, nor a compliance with the well established principle, that indictments for larceny must state the value of the thing stolen; for the notes may have been spurious and of no value; the. contrary of *953 which it was necessary to be shown by charging them to be of a certain value ; and this is a traversable fact. 2 Hale’s P. C. 183; State v. Corbin, 1 Porter's R. 124. The value of the thing stolen being necessary to distinguish between grand and petit larceny, it was necessary to state it; for whatever is necessary as a guide to the court in pronouncing the sentence, must be alleged in the indictment. Bishop Crim. Pro. § 293. But under the statute referred to, the value of bank notes charged to be stolen, is no longer a traversable fact. The law fixes their value, by declaring that value to-be the amount expressed on their face. It matters not whether the bank note be of value or not, provided it be the note of a bank. The law declares that they shall be deemed to be of the value expressed .on their face. When, therefore, the indictment charges the larceny of certain “ bank notes amounting to seventy dollars due and unsatisfied,” it is (under this statute) tantamount to an averment that said notes are of the value of seventy dollars, because the law expressly attaches such value to such notes in all prosecutions for the larceny of the -same; and such value cannot be traversed or put in issue by the defendant.
The court below, was, therefore, not in error in overruling the motion'to quash the indictment, and the motion in arrest of judgment; and the judgment must be affirmed.
Staples, J., dissented
Judgment affirmed.